Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Lucia F. Dantaylor-King;** | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **1ST National Recovery Solutions, LLC;** and **Aron & Associates, P.C.;** | (Jury Trial Demanded) |
| Defendants. | |

### I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"). Plaintiff seeks an award of statutory damages, actual damages, costs and attorney's fees.

## II.  Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce

or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III.  JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### IV.  PARTIES

9. Plaintiff is an individual residing in Maricopa County, Arizona.

10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as that term is defined by FDCPA § 1692a(3).

11. Defendant 1ST National Recovery Solutions, LLC ("1ST National") is a New York limited liability company

1  doing business 638 N. Fifth Avenue, Phoenix, Arizona
2  85003.
3  12. 1ST National collects or attempts to collect debts
4  owed or asserted to be owed or due another.
5  13. In the alternative, 1ST National collects or
6  attempts to collect debts it has purchased after
7  default.
8  14. 1ST National is not registered with the Arizona
9  Department of Financial Affairs as a third party
10 debt collection agency.
11 15. 1ST National is a "debt collector" as that term is
12 defined by FDCPA § 1692a(6).
13 16. Defendant Aron & Associates, P.C. ("Aron") is a law
14 firm with its principal place of business located at
15 1615 E. Ft. Lowell Rd., Tucson, AZ 85719-2320.
16 17. Aron regularly collects or attempts to collect debts
17 owed or asserted to be owed or due another.
18 18. Aron is a "debt collector" as defined by FDCPA §
19 1692a(6).
20                    **V.   Factual Allegations**
21 19. Sometime before 2008, Plaintiff opened a credit card
22 account with Washington Mutual Bank which was used
23 for for personal, family and household purposes.
24 20. Plaintiff subsequently defaulted on the Washington
25 Mutual account.

-4-

1  21. 1ST National allegedly purchased the debt after default.
2  22. On October 28, 2008, 1ST National mailed or caused to be mailed a letter to Plaintiff concerning the Washington Mutual account. (A copy of the letter is attached hereto as Exhibit A).
3  23. Exhibit A is the first communication from 1ST National to Plaintiff concerning the alleged debt.
4  24. In Exhibit A, 1ST National stated that the balance due on the alleged debt was $13,140.75.
5  25. 1ST National failed to state in its initial written communication to Plaintiff the amount of the debt allegedly owed as required by FDCPA § 1692g(a)(1).
6  26. 1ST National failed to state in its initial written communication to Plaintiff that the amount of the debt might vary from day to day because of, for example, interest, late charges, or other charges.
7  27. 1ST National failed to notify Plaintiff in its initial written communication to Plaintiff of her right to obtain an up to date amount of the debt allegedly due.
8  28. The case of Miller v. McCalla et al., 241 F.3d 872 (7th Cir. 2000), sets forth "The debt collectors duty to state the amount of the debt in cases like this where the amount varies from day to day." *Id.*

1    at 876.
2    29. 1ST National failed to comply with that duty.
3    30. On November 3, 2008, Aron mailed or caused to be
4        mailed a letter to Plaintiff concerning the debt
5        allegedly owed to 1ST National. (A copy of the
6        letter is attached hereto as Exhibit B).
7    31. Exhibit B is the first communication from Aron to
8        Plaintiff concerning the debt allegedly owed to 1ST
9        National.
10   32. In Exhibit B, Aron stated that the balance due on
11       the alleged debt was $12,817.87.
12   33. Aron failed to state in its initial written
13       communication to Plaintiff the amount of the debt
14       allegedly owed as required by FDCPA § 1692g(a)(1).
15   34. Aron failed to state in its initial written
16       communication to Plaintiff that the amount of the
17       debt might vary from day to day because of, for
18       example, interest, late charges, or other charges.
19   35. Aron failed to notify Plaintiff in its initial
20       written communication to Plaintiff of her right to
21       obtain an up to date amount of the debt allegedly
22       due.
23   36. The case of <u>Miller v. McCalla et al.</u>, 241 F.3d 872
24       (7th Cir. 2000), sets forth "The debt collectors
25       duty to state the amount of the debt in cases like

- 6 -

1  |  this where the amount varies from day to day." *Id.*
2  |  at 876.
3  | 37. Aron failed to comply with that duty.
4  | 38. In Exhibit B, Aron states that "This office has been
5  |     requested to contact you by 1St Nat'l Recovery Sol,
6  |     who is the current owner of the above referenced
7  |     account."
8  | 39. Upon information and belief, at the time Exhibit B
9  |     was mailed to Plaintiff, 1ST National was not the
10 |     owner of the Washington Mutual debt.
11 | 40. On March 19, 2009, Aron filed suit on behalf of 1ST
12 |     National to collect the alleged debt from Plaintiff.
13 |     (A copy of the Superior Court Complaint is attached
14 |     hereto as Exhibit C).
15 | 41. The lawsuit was filed in the Maricopa County
16 |     Superior Court.
17 | 42. In paragraph 2 of Exhibit C, 1ST National and Aron
18 |     allege that the Washington Mutual account "is now
19 |     owned by [1ST National Recovery Solutions, LLC]."
20 | 43. In paragraph 3 of Exhibit C, 1ST National and Aron
21 |     allege that the amount owed on the Washing Mutual
22 |     account is $12,817.87 with interest at 28.740% from
23 |     June 30, 2008.
24 | 44. Upon information and belief, at the time Defendants
25 |     filed the lawsuit, 1ST National was not the owner of

      the Washington Mutual debt.

45. On or about June 30, 2009, Plaintiff received an Affidavit of Sale dated March 18, 2009 from Chase Bank USA, N.A. (A copy of the Affidavit is attached hereto as Exhibit D).

46. In paragraph 2 of Exhibit D, Chase's affiant states that Plaintiff's account with Chase, which originated with Washington Mutual, was sold and transferred to LP Investments on March 9, 2009.

47. Chase also states in paragraph 2 of Exhibit D, that the amount due on the account at the time of sale, March 9, 2009, was $2,817.87.

48. Chase also states in paragraph 3 of Exhibit D that "LP Investments is now the owner of said account, and authorized to collect, settle, adjust, compromise and satisfy the same and that Chase Bank USA, N.A. has no further interest in said account for any purpose."

49. Defendants' actions taken here were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of their persistent and routine practice of debt collection.

50. In the alternative, Defendants' actions were negligent.

## VI.   Causes of Action

### a.   Fair Debt Collection Practices Act

51. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
52. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, and 1692e(2)(A), 1692e(8), 1692e(10), and 1692g.

## VII.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a)   Statutory damages of $1,000 from each Defendant pursuant to FDCPA § 1692k;

b)   Actual damages in an amount to be determined by trial;

c)   Costs and reasonable attorney's fees pursuant to §1692k; and

d)   Such other relief as may be just and proper.

DATED   October 28, 2009   .


        s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff